IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. |
| PACIFIC ETHANOL HOLDING CO. LLC, et al., | Chapter 11<br>Joint Administration Pending |
| Debtors.[1] | |

## MOTION OF DEBTORS FOR ORDER PURSUANT TO BANKRUPTCY RULE 1007(c) AND LOCAL RULE 1007-1(b) EXTENDING TIME FOR FILING SCHEDULES AND STATEMENTS

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby move for entry of an order, pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), granting the Debtors additional time to file Schedules and Statements (defined below) required by 11 U.S.C. § 521 and Bankruptcy Rule 1007 (the "Motion"). In support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

### JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this

---

[1] The Debtors consist of: Pacific Ethanol Holding Co. LLC (EIN: XX-XXX6981); Pacific Ethanol Madera LLC (EIN: XX-XXX3339); Pacific Ethanol Columbia, LLC (EIN: XX-XXX9392); Pacific Ethanol Stockton LLC (EIN: XX-XXX8349); Pacific Ethanol Magic Valley, LLC (EIN: XX-XXX7391). Pacific Ethanol Holding Co. LLC is the sole member of each of the other Debtors. The mailing address for Pacific Ethanol Holding Co. LLC is 400 Capitol Mall, Suite 2060, Sacramento, CA 95814.

PAC/916541

Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Rule 1007(c) and Local Rule 1007-1(b).

**GENERAL BACKGROUND**

2.  On the date hereof (the "Petition Date"), Pacific Ethanol Holding Co. LLC ("PE HoldCo") and four (4) of its direct wholly-owned subsidiaries each commenced a case by filing a petition for relief under chapter 11 of the title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have requested that these chapter 11 cases (the "Chapter 11 Cases") be jointly administered.

3.  No creditors' committee has been appointed in these Chapter 11 Cases by the United States Trustee. No trustee or examiner has been appointed in any of the Debtors' Chapter 11 Cases.

**COMPANY BACKGROUND**

4.  The Debtors consist of four limited liability companies each of whom owns an ethanol plant (each a "Plant LLC" and collectively, the "Plant LLCs") with current combined ethanol production capacity of over 200 million gallons per year ("MGY") and PE HoldCo as owner/holding company for the Plant LLCs. Two of the ethanol plants are located in California, one is located in Idaho and one is located in Oregon. Due to economic and financial constraints, only the ethanol plant located in Oregon is operating at the present time. Prior to the filing of the Chapter 11 Cases, the Debtors were the production facilities for Pacific Ethanol, Inc. ("PEI") a public company, and its subsidiaries (collectively the "PEI Group"). As part of the PEI Group, the Plant LLCs were managed by PEI and the ethanol and its co-products, including wet

distillers grain ("WDG"), produced at the ethanol plants were marketed and sold to customers[2] primarily in California, Nevada, Arizona, Oregon, Colorado, Idaho and Washington by PEI Group affiliates under arms-length commercial contracts as more fully described below. The ethanol plants were built at their locations as part of a destination business model, whereby each respective ethanol plant achieves lower process and transportation costs by servicing local markets for both ethanol and WDG. The ethanol plants are as follows:

- **Madera Plant**--located in Madera, California, commenced operations in October 2006 and has an annual production capacity of up to 40 MGY.

- **Boardman Plant**--located in Boardman, Oregon, commenced operation in September 2007 and has an annual production capacity of up to 40 MGY.

- **Magic Valley Plant**--located in Burley, Idaho, (Magic Valley) commenced operations in April 2008 and has an annual production capacity of up to 60 MGY.

- **Stockton Plant**--located in Stockton, California, commenced operations in September 2008 and has an annual production capacity of 60 MGY.

5. As indicated above, at the present time only the Boardman Plant is in operation. The Madera, Magic Valley and Stockton Plants are in "cold shut down" with no current business operations.

**Prepetition Capital Structure**

6. As of the Petition Date, the aggregate principal amount of the Debtors' secured indebtedness was approximately $247,307,091 plus accrued and unpaid interest, fees and other costs and consisted of, among other things, construction/project financing, term loans, a revolving loan facility and a note payable.

---

[2] The ethanol is sold to gasoline refining and distribution companies, while the WDG is sold to dairy farm operators and animal feed distributors for consumption by farm animals, including dairy cows and beef cattle.

## Events Leading to a Chapter 11 Filing

7.  The Debtors' liquidity is materially affected by uncertain commodity prices for corn, natural gas and ethanol. Corn and ethanol prices have been highly volatile, do not necessarily move in the same direction (i.e., high corn prices do not necessarily result in high ethanol prices) and are impacted by a number of factors beyond the Debtors' control. Ethanol prices are generally influenced by the supply and demand for gasoline, the availability of substitutes and the effect of related laws and regulations. By contrast, corn prices are not significantly related to gasoline supply and demand; rather the availability and price of corn are subject to wide fluctuations due to unpredictable factors such as weather conditions during the corn growing season, crop yields, governmental policy with respect to agriculture and international supply and demand. Additionally, the Debtors are also impacted by other major costs including natural gas, transportation, and the purchase price of ethanol from other producers, which in turn are also highly volatile and difficult to forecast. During the latter part of 2008, the price of ethanol declined precipitously causing the Debtors' gross margins to decrease. In addition to decreasing margins, operating costs increased as a result of the construction of three additional ethanol plants in 2007 and 2008.

8.  Ultimately, sizeable fluctuations in the price of corn, natural gas and ethanol, coupled with obligations to service the Debtors' debt in the face of a continued lack of liquidity in the credit markets since 2007 and the inability to raise additional investment capital from depressed equity markets, have precipitated these Chapter 11 Cases.

9.  For a more complete description of the Debtors' prepetition capital structure and intercompany structure and operations, reference is made to the Declaration of Christopher W. Wright in Support of First Day Pleadings.

## RELIEF REQUESTED

10.  Under section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(b), the Debtors are required to file (i) schedules of assets and liabilities; (ii) schedules of executory contracts and unexpired leases; and (iii) statements of financial affairs (the "Schedules and Statements"). See 11 U.S.C. § 521(a)(1)(B); Fed. R. Bankr. P. 1007(b).

11.  By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b) extending the deadline to file their Schedules and Statements by forty-five (45) days, from May 17, 2009, the date such Schedules and Statements are otherwise required to be filed under Local Rule 1007-1(b), through and including July 1, 2009, without prejudice to the Debtors' ability to request additional time should it become necessary.

## BASIS FOR RELIEF

12.  Pursuant to Local Rule 1007-1(b), the deadline for filing Schedules and Statements is automatically extended to the date that is thirty (30) days after the petition date if (i) the debtor's bankruptcy petition is accompanied by a list of all the debtor's creditors and their addresses, in accordance with Local Rule 1007-2, and (ii) if the total number of creditors in the debtor's case (or the debtors' jointly administered cases) exceeds 200. Del. Bankr. L.R. 1007-1(b).

13.  Here, the Debtors' bankruptcy petitions are accompanied by a consolidated list of the Debtors' creditors, and their addresses, in accordance with Local Rule 1007-2 (the "Creditor List"), which includes in excess of 210 creditors, and thus is in excess of the 200 creditor threshold. Accordingly, by operation of Local Rule 1007-1(b), the deadline for the Debtors to file their Schedules and Statements is automatically extended to July 1, 2009.

14. This Court has authority to grant the Debtors' requested extension under Bankruptcy Rule 1007(c) and Local Rule 1007-1(b). Bankruptcy Rule 1007(c) provides that "any extension of time for the filing of schedules, statements, and other documents required under this rule may be granted only on motion for cause shown . . . ." Fed. R. Bankr. P. 1007(c). Similarly, Local Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon the filing of a motion by the debtor . . . ." Del. Bankr. L.R. 1007-1(b).

15. Given the size and complexity of the Debtors' businesses and the fact that certain prepetition obligations have not yet been identified or entered into the Debtors' financial accounting systems, the Debtors do not believe that they will be in a position to accurately complete their Schedules and Statements within the time specified by Local Rule 1007-1(b). Nevertheless, recognizing the importance of the Schedules and Statements in these Chapter 11 Cases, the Debtors intend to complete the Schedules and Statements as quickly as possible under the circumstances.

16. The Debtors' business operations require them to maintain voluminous books and records and complex accounting systems. To prepare the Schedules and Statements, the Debtors and their advisors must gather, review, and assemble information from books, records, and documents related to thousands of transactions. Consequently, collecting the information necessary to complete the Schedules and Statements will require substantial time and effort on the part of the Debtors' employees.

17. In light of the amount of work entailed in completing the Schedules and Statements, as well as the size of the Debtors' cases, the substantial burdens already imposed on management by the commencement of these Chapter 11 Cases, the limited number of employees available to collect the required information, the competing demands upon such employees, and

the time and attention the Debtors must devote to the restructuring process, the Debtors respectfully submit that "cause" exists to extend the deadline by forty-five (45) days, through and including July 1, 2009. The requested extension will ensure that the Debtors' Schedules and Statements are accurate and avoid the need for the Debtors to file subsequent amendments.

18. In this district, extensions such as the one the Debtors seek by this Motion are routinely granted by courts in large chapter 11 cases. See, e.g., In re G.I. Joe Holding Corp., Case No. 09-10713 (Bankr. D. Del. Mar. 6, 2009) (Gross, J.) [D.I. 30]; In re Smurfit-Stone Container Corp., Case No. 09-10235 (Bankr. D. Del. Jan. 27, 2009) (Shannon, J.) [D.I. 50]; In re VeraSun Energy Corp., Case No. 08-12606 (Bankr. D. Del. Dec. 2, 2008) (Shannon, J.) [D.I. 255]; In re Boscov's, Inc., Case No. 08-11637 (Bankr. D. Del. Aug. 28, 2008) (Gross, J.) [D.I. 262]; In re Goody's Family Clothing, Inc., Case No. 08-11133 (Bankr. D. Del. July 24, 2008) (Sontchi, J.) [D.I. 430]; In re Sharper Image Corp., Case No. 08-10322 (Bankr. D. Del. Feb. 29, 2008) (Gross, J.) [D.I. 41]; In re Hancock Fabrics, Inc., Case No. 07-10353 (Bankr. D. Del. Mar. 22, 2007) (Shannon, J.) [D.I. 38]. No previous request for the relief sought herein has been made to this or any other court.

## NOTICE

19. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) all required government entities (c) counsel to the Debtors' prepetition secured lenders; (d) counsel to any proposed provider of debtor-in-possession financing; and (e) the parties included on the Debtors' list of twenty (20) largest unsecured creditors (collectively, the "Notice Parties"). The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

20.   No previous request for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:   Wilmington, Delaware
         May 17, 2009

Respectfully Submitted,

/s/ Steven M. Yoder

Steven M. Yoder (DE Bar No. 3885)
Jeremy W. Ryan (DE Bar No. 4057)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
Phone: (302) 984-6000
Facsimile: (302) 984-1192

- and -

Lawrence C. Gottlieb (LB 2565)
Richard S. Kanowitz (RK 0677)
COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, NY 10036
Phone: (212) 479-6000
Facsimile: (212) 479-6275

*Proposed Counsel for Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. |
| PACIFIC ETHANOL HOLDING CO. LLC, et al., | Chapter 11<br>Joint Administration Pending |
| Debtors.[1] | Re: Docket No. _____ |

## ORDER PURSUANT TO BANKRUPTCY RULE 1007(c) AND LOCAL RULE 1007-1(b) EXTENDING TIME FOR FILING SCHEDULES AND STATEMENTS

Upon the motion (the "Motion")[2] of the Debtors for an order (the "Order"), pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b), granting the Debtors additional time to file Schedules and Statements required by 11 U.S.C. § 521 and Bankruptcy Rule 1007; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

    1.    The Motion is GRANTED, as set forth herein.

---

[1] The Debtors consist of: Pacific Ethanol Holding Co. LLC (EIN: XX-XXX6981); Pacific Ethanol Madera LLC (EIN: XX-XXX3339); Pacific Ethanol Columbia, LLC (EIN: XX-XXX9392); Pacific Ethanol Stockton LLC (EIN: XX-XXX8349); Pacific Ethanol Magic Valley, LLC (EIN: XX-XXX7391). Pacific Ethanol Holding Co. LLC is the sole member of each of the other Debtors. The mailing address for Pacific Ethanol Holding Co. LLC is 400 Capitol Mall, Suite 2060, Sacramento, CA 95814.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1538225 v1/NY

2. The time by which the Debtors must file their Schedules and Statements shall be and hereby is extended for forty-five (45) days, through and including July 1, 2009, without prejudice to the Debtors' right to seek an additional extension.

3. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE