ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------)
In re:                                           )   Case No. 09-11713 (KG)
                                                 )
                                                 )
PACIFIC ETHANOL HOLDING CO. LLC,                 )   Chapter 11
*et al.*,                                        )
                                                 )
                                                 )
              Debtors.[1]                        )   Jointly Administered
                                                 )   **Re: Docket No. 504**
                                                 )
------------------------------------------------)

**ORDER APPROVING (A) DISCLOSURE STATEMENT, (B) NOTICE OF
DISCLOSURE STATEMENT HEARING, (C) CONTENTS OF SOLICITATION
PACKAGES, (D) PROCEDURES FOR THE DISTRIBUTION OF SOLICITATION
PACKAGES AND THE SOLICITATION AND TABULATION OF VOTES
TO ACCEPT OR REJECT DEBTORS' PROPOSED AMENDED
JOINT PLAN OF REORGANIZATION AND (E) CERTAIN RELATED RELIEF**

This matter coming before the Court on the motion (the "Motion")[2] of the Debtors for an Order approving: (i) the Disclosure Statement for Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (as it may be amended, the "Disclosure Statement"); (ii) notice of the hearing on approval of the Disclosure Statement; (iii) the contents of the proposed solicitation packages (collectively, the "Solicitation Packages") to be distributed to creditors and other parties in interest in connection with the solicitation of votes on, and confirmation of, the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated April 16, 2010 (as it may be amended, the "Plan"), including the forms of ballots (the "Ballots") for submitting votes on the Plan; (iv) procedures for the distribution of Solicitation Packages and the solicitation and tabulation of votes to accept

---

[1] The Debtors consist of: Pacific Ethanol Holding Co. LLC (EIN:XX-XXX6981); Pacific Ethanol Madera LLC (EIN: XX-XXX3339); Pacific Ethanol Columbia, LLC (EIN: XX-XXX9392); Pacific Ethanol Stockton LLC (EIN: XX-XXX8349); Pacific Ethanol Magic Valley, LLC (EIN: XX-XXX7391). Pacific Ethanol Holding Co. LLC is the sole member of each of the other Debtors. The mailing address for Pacific Ethanol Holding Co. LLC is 400 Capitol Mall, Suite 2060, Sacramento, CA 95814.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

1627388 v3/NY

or reject the Plan, including establishing (a) procedures for the mailing of Solicitation Packages to creditors entitled to vote on the Plan, (b) the proposed Record Date for determining which entities are entitled to vote on the Plan, (c) the deadline for the submission of ballots with respect to voting on the Plan and (d) certain vote solicitation and tabulation rules and procedures (including temporary allowance of claims for voting purposes); (v) the form and manner of notice of the hearing on confirmation of the Plan; and (vi) certain related relief; the Bankruptcy Court having reviewed the Motion and having heard the statement of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

THE COURT HEREBY FINDS THAT:

A. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. Notice of the Motion and the Hearing, made in the manner described in the Motion, was sufficient and appropriate under the circumstances and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

D. The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtors' respective estates and creditors.

E. The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

F. The contents of the Solicitation Packages to be distributed to creditors and other parties in interest in connection with the solicitation of votes on the Plan and the

1627388 v3/NY

procedures for providing notice of the hearing on confirmation of the Plan (the "Confirmation Hearing") and the other matters set forth in the notice of the Confirmation Hearing and the deadline to submit ballots to accept or reject the Plan (the "Confirmation Hearing Notice") comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

G. The form of the Ballots attached to the Motion as **Exhibit C** (1) are consistent with Official Form No. 14, (2) adequately address the particular needs of the Chapter 11 Cases, (3) are appropriate for each class of claims or interests entitled to vote to accept or reject the Plan, and (4) comply with Bankruptcy Rule 3017(d).

H. Ballots need not be provided to holders of claims in Classes 1, 2, 3, 7, 8, and 9 because: (1) Classes 1, 2, 3, and 9 are unimpaired under the Plan and are conclusively presumed to accept the Plan in accordance with section 1126(f) of the Bankruptcy Code; and (2) holders of claims in Classes 7 and 8 will not receive or retain any property under the Plan and are deemed to have rejected the Plan.

I. The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides a sufficient time for creditors to make informed decisions to accept or reject the Plan and submit timely Ballots.

J. The procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

K. Epiq Bankruptcy Solutions, LLC is authorized to serve as the voting agent for the Debtors in connection with the preparation, distribution, and tabulation of the Ballots pursuant to the *Order Pursuant to 28 U.S.C. § 156(c), Bankruptcy Rule 2002(f), and Local Rule*

*2002-1(f) Approving Agreement with Epiq Bankruptcy Solutions, LLC and Appointing Epiq Bankruptcy Solutions, LLC as Claims, Noticing, Soliciting and Balloting Agent*, dated May 19, 2009 [Docket No. 30].

L. The Debtors' request to file the New Operating Agreement under seal and to redact any material economic terms of the Plan Supplement Documents (as defined in the Plan), as determined by the Debtors' in their sole discretion, is consistent with section 107(b) of the Bankruptcy Code, and the filing of such materials under seal is necessary to protect non-public commercial information.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Disclosure Statement is APPROVED. The Debtors are authorized to make nonsubstantive changes to the Disclosure Statement.

3. The notice with respect to the Disclosure Statement in the form attached to the Motion as **Exhibit A** (the "Disclosure Statement Notice") is hereby APPROVED.

4. With respect to (i) holders of claims and interests who are entitled to vote to accept or reject the Plan, and (ii) parties to executory contracts or unexpired leases to be rejected pursuant to the Plan, the Debtors are directed, except as provided below, to mail Solicitation Packages containing copies of: (a) the Confirmation Hearing Notice, applicable Ballot, and a Ballot return envelope to: Epiq Bankruptcy Solutions, LLC, Attn: Pacific Ethanol Ballot Processing Center, 757 Third Ave., 3rd Floor, New York, NY 10017, in paper copy, and (b) the Disclosure Statement (together with the exhibits thereto, including the Plan, that have been filed with the Court before the date of the mailing), this Order, and the letter submitted by the Committee recommending acceptance of the Plan substantially in the form presented to the Court in Exhibit A to the Committee's Response to the Motion, on CD-ROM.

5. With respect to holders of claims and interests who are not entitled to vote to accept or reject the Plan, the Debtors are directed to mail the Confirmation Hearing notice and the applicable Notice of Non-Voting Status to such parties in paper copy.

6. For entities listed in the Schedules in the amount of $0, or who are scheduled as contingent, unliquidated or disputed and who did not file a proof of claim (other than parties to executory contracts or unexpired leases to be rejected pursuant to the Plan), in lieu of a Solicitation Package, such parties shall only receive a paper copy of the Confirmation Hearing Notice.

7. All Plan documents, including the Disclosure Statement, will be available by paper copy upon written request to the Debtors' Voting Agent and via the Internet on the website of the Debtors' Voting Agent at: **http://chapter11.epiqsystems.com**.

8. The Ballots substantially in the forms attached to the Motion as **Exhibit C**, including the instructions attached to each Ballot, are APPROVED. The Debtors are authorized to make nonsubstantive changes to the Ballots, including modifications to conform to the deadlines set forth herein. The appropriate Ballots shall be distributed to holders of claims in the following classes entitled to vote to accept or reject Plan:

| | |
|---|---|
| <u>Ballot No. 4</u> | Ballot for holders of Class 4 Allowed Claims of Holders of Prepetition Facility Claims (as such term is defined in the Plan) against any Debtor |
| <u>Ballot No. 5</u> | Ballot for holders of Class 5 Allowed Claims for Holders of Roll-Up Claims (as such term is defined in the Plan) against any Debtor |
| <u>Ballot No. 6</u> | Ballot for holders of Class 6 Allowed Holders of General Unsecured Claims (as such term is defined in the Plan) against any Debtor |

9. Consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), Solicitation Packages for holders of claims against any Debtor in a

class under the Plan that is deemed to accept or reject the Plan under section 1126(f) or 1126(g) of the Bankruptcy Code shall not include a Ballot but shall include the appropriate notice with respect to holders of claims and interests who are not entitled to vote to accept or reject the Plan (the "Notice of Non-Voting Status"). The Debtors shall not be required to provide any additional documents or materials in the Solicitation Packages.

10. The Notices of Non-Voting Status, substantially in the forms attached to the Motion as **Exhibits D-1 and D-2**, are APPROVED. The Debtors are authorized to make nonsubstantive changes to the Notices of Non-Voting Status, including modifications to conform to the deadlines set forth herein.

11. The "Solicitation and Tabulations Procedures," and those rules set forth on **Exhibit 1** to this Order are APPROVED.

12. Except as provided below, the appropriate Solicitation Packages shall be mailed within five business days after entry of this Order (the "Solicitation Date") to: (a) all persons or entities that have filed proofs of claim on or before the Record Date (as defined below), or their transferees in accordance with the procedures set forth below; (b) all persons or entities listed in the Schedules as holding liquidated, noncontingent and undisputed claims as of the Record Date, or their transferees in accordance with the procedures set forth below; (c) other known holders of claims or potential claims against the Debtors, if any, as of the Record Date (including parties on Schedule G to the Debtors' Schedules); (d) all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' Chapter 11 Cases; (e) the Securities and Exchange Commission; (f) the U.S. Trustee; (g) counsel to the agent under the Debtors' Prepetition Credit Agreement (as defined in the Plan) (the "Prepetition Agent"); and (h) counsel to the agent under the Debtors' Postpetition Credit Agreement (as

defined in the Plan) (the "Postpetition Agent" and, together with the Prepetition Agent, the "Agents").

13. The Debtors are excused from mailing Solicitation Packages to those entities for which the Debtors have only incomplete or inaccurate addresses unless the Debtors are provided with accurate addresses for such entities, in writing, so as to be received on or before the day of the Disclosure Statement Hearing, April 23, 2010. Failure to mail Solicitation Packages to such entities shall not constitute inadequate notice of the Confirmation Objection Deadline, the Confirmation Hearing, the Voting Deadline or any other matter.

14. Pursuant to Bankruptcy Rule 3017(d), **April, 23, 2010** shall be the record date for purposes of determining which creditors are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "Record Date").

15. With respect to a transferred claim, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of such claim only if by the Record Date (a) all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed or (b) the transferee files (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

16. To be counted as votes to accept or reject the Plan, all Ballots must be executed properly, completed and delivered to the Voting Agent either (a) by regular mail, (b) by overnight mail or (c) by personal delivery so that, in each case, such Ballots are **received by** the Voting Agent no later than 5:00 p.m., Eastern Time, on [May 26, 2010] or such other date established by the Debtors that is at least 28 days after the Debtors substantially complete the

mailing of all of the Solicitation Packages in accordance with the procedures set forth herein (the "Voting Deadline").

17. The Confirmation Hearing is scheduled to be conducted on [June 8], 2010 at [__] [2].m. The Confirmation Hearing may be continued from time to time by the Court without further notice other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing.

18. Objections to confirmation of the Plan, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection to the confirmation of the Plan; and (d) be filed with the Court and served on (i) the counsel to the Debtors, (ii) counsel to the Committee, (iii) counsel to the Agents and (iv) the U.S. Trustee so that they are received no later than 5:00 p.m., Eastern Time, on [June 2, 2010] or such other date established by the Debtors that is at least 28 days after the Debtors substantially complete the mailing of the Solicitation Packages (the "Confirmation Objection Deadline").

19. The Confirmation Hearing Notice in substantially the form attached to the Motion as **Exhibit B-1** is APPROVED. The Debtors are authorized to make nonsubstantive changes to the Confirmation Hearing Notice, including modifications to conform to the deadlines set forth herein. The Debtors shall serve copies of the Confirmation Hearing Notice, along with the other materials comprising the Solicitation Package, in accordance with the procedures set forth in the Motion and this Order.

20. The notice in an abbreviated form of the Confirmation Hearing Notice in substantially the form attached to the Motion as **Exhibit B-2** (the "Publication Notice") is APPROVED. The Debtors are authorized to make nonsubstantive changes to the Publication

1627388 v3/NY

Notice, including modifications to conform to the deadlines set forth herein. The Debtors shall publish the Publication Notice not less than 28 days before the Confirmation Hearing in the *Sacramento Bee*, the *Oregonian*, the *Times-News* (Twin Falls, ID), and the national edition of *The New York Times*.

21. The New Operating Agreement shall be filed under seal and any material economic terms of any Plan Supplement Documents (as defined in the Plan) that are filed in this Court by the Debtors may be redacted by the Debtors in their sole discretion.

22. The Debtors and the Committee are each authorized to file a consolidated response to any objections filed to the Plan on or before [12 pm EST, June 7, 2010].

23. The Debtors and the Voting Agent are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further Order of the Court.

Dated: Wilmington, Delaware
April 23, 2010

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

1627388 v3/NY